**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BRENT BLAGG as personal representative for the Estate of Amy Blagg, BRENT BLAGG as guardian and next friend of K.B. and personal representative for the Estate of K.B., BRENT BLAGG as guardian and next friend of T.B., and BRENT BLAGG, individually,** ) ) ) ) ) ) ) ) | |
| ) | **Case No. 09-CV-0703-CVE-FHM** |
| Plaintiffs, ) | **BASE FILE FOR DISCOVERY** |
| ) | |
| v. ) ) | |
| **JERRY LINE, an individual and as principal/employer, and CHARLIE DAVIS STRONG, JR., an individual and agent/employee,** ) ) ) ) ) ) | **Consolidated for Pretrial Discovery Purposes ONLY with Case No. 09-CV-0708-TCK-PJC Case No. 10-CV-0502-GKF-PJC** |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court are Defendants' Joint Motion to Consolidate Cases and Brief in Support (Dkt. # 32) and Defendants' Joint Motion to Extend All Deadlines or for New Scheduling Order (Dkt. # 33). This case arose out of an automobile accident that occurred on May 9, 2009 in Nowata County, Oklahoma. Two other cases have been filed concerning the same automobile accident. See Anne Marie Hobbs v. Jerry Line et al., 09-CV-708-TCK-PJC (N.D. Okla.); Harold Tedford v. Jerry Line et al., 10-CV-502-GKF-PJC (N.D. Okla.). Defendants ask the Court to consolidate all three cases for pretrial discovery (Dkt. # 32) and enter an amended scheduling order for the consolidated cases (Dkt. # 33).

Defendants argue that consolidation will promote judicial efficiency and preserve the parties' resources by avoiding duplicative discovery in three separate cases. A district court has the discretion to consolidate separate actions for pretrial proceedings or trial if the cases involve a common issue of law or fact. Fed. R. Civ. P. 42(a); American Emp. Ins. Co. v. King Resources Co., 545 F.2d 1265, 1269; (10th Cir. 1976); Skirvin v. Mesta, 141 F.2d 668, 672 (10th Cir. 1944). The objective of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Breaux v. American Family Mut. Ins. Co., 220 F.R.D. 366, 367 (D. Colo. 2004). Courts generally consider "the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense" caused by consolidation. C.T. v. Liberal School Dist., 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008). Consolidation of cases under Rule 42 does not strip either case of its independent character, and each case retains its separate identity. Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933); Patton v. Aerojet Ordnance Co., 765 F.2d 604 (6th Cir. 1985). The party requesting consolidation bears the burden to show that judicial economy is outweighed by the possibility of delay or prejudice to the opposing party. Bank of Montreal v. Eagle Associates, 117 F.R.D. 530, 532 (S.D.N.Y. 1987).

Plaintiffs in this case object to defendants' motion on two grounds.[1] Plaintiffs assert that defendants' motion to consolidate should be denied, because consolidation would create one case over which the Court lacks subject matter jurisdiction. However, plaintiffs' argument is based on the assumption that the consolidated cases would lose their independent character, and complete diversity

---

[1] The plaintiff in Hobbs has no objection to consolidation and the plaintiff in Tedford has not filed a response to defendants' motion to consolidate. Thus, the only objection to defendants' motion to consolidate was filed by plaintiffs in this case.

would not exist in a combined case of all three actions.  The Court would not be deprived of subject matter jurisdiction because, "while a consolidation order may result in a single unit of litigation, such an order does not create a single case for jurisdiction purposes."  Cella v. Togum Constructeur Ensemblier en Industrie Alimentaire, 173 F.3d 909, 912 (3d Cir. 1999).  Plaintiffs also argue that the Estate of K.B. is a plaintiff in this case and is named as a defendant in Hobbs, and consolidation would create a conflict of interest.  However, the plaintiff in Hobbs has not served the Estate of K.B. and the extended deadline to effect this service has expired.  Unless the plaintiff in Hobbs receives permission to serve the Estate of K.B. out of time, the Estate of K.B. is not a party in Hobbs and there is no actual conflict of interest.  Thus, plaintiffs' objections to consolidation are meritless.

The Court finds that consolidation for discovery is appropriate.  All three cases concern the same automobile accident and involve substantially the same legal claims against each defendant, and there are numerous common issues of law and fact to support consolidation under Rule 42(a). Consolidation for discovery will promote judicial efficiency and eliminate duplication of discovery and motion practice by the parties.  The cases will be consolidated for discovery only, and the Court will consider whether consolidation for trial is appropriate upon the completion of discovery.

Defendants have also asked the Court to extend all deadlines in the scheduling order or enter an amended scheduling order, because the parties agreed to refrain from conducting discovery in this case until the parties in the companion cases could also participate in discovery. Dkt. # 33.  Plaintiffs do not object to defendants' motion. Dkt. # 38.  The Court has reviewed defendants' motion and finds that it should be granted.

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Consolidate Cases and Brief in Support (Dkt. # 32) is **granted** as to pretrial discovery.

**IT IS FURTHER ORDERED** that:

1. Case Nos. 09-CV-703-CVE-FHM, 09-CV-708-TCK-PJC, and 10-CV-502-GKF-PJC are **consolidated for the purpose of pretrial discovery only**, and the Court will consider whether the cases should be consolidated for trial upon the completion of discovery.

2. Case No. 09-CV-703-CVE-FHM is designated as the **Base File For Discovery**.

3. All further discovery pleadings, motions, and other documents shall bear only the title and designation of Case No. 09-CV-703-CVE-FHM with the words "Base File For Discovery" written below the case number, and all discovery pleadings shall be **filed in the Base File For Discovery only**.

4. Any pleadings, motions, or other documents unrelated to discovery shall be filed in the appropriate case file.

5. This Opinion and Order shall be filed in Case Nos. 09-CV-703-CVE-FHM, 09-CV-708-TCK-PJC, and 10-CV-502-GKF-PJC.

**IT IS FURTHER ORDERED** that the parties shall correct the case caption on future pleadings consistent with this Opinion and Order.

**IT IS FURTHER ORDERED** that Defendants' Joint Motion to Extend All Deadlines or for New Scheduling Order (Dkt. # 33) is **granted** for all purposes in this case and as to the discovery cutoff in the consolidated cases, and an amended scheduling order will be entered forthwith.

**DATED** this 23rd day of September, 2010.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE