UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRENT BLAGG as personal representative** | ) | |
| **for the Estate of Amy Blagg, BRENT BLAGG** | ) | |
| **as guardian and next friend of K.B. and** | ) | |
| **personal representative for the Estate of K.B.,** | ) | |
| **BRENT BLAGG as guardian and next** | ) | |
| **friend of T.B., and BRENT BLAGG,** | ) | |
| **individually,** | ) | |
| | ) | Case No. 09-CV-0703-CVE-FHM |
| Plaintiff, | ) | <u>BASE FILE</u> |
| | ) | |
| v. | ) | |
| | ) | |
| **JERRY LINE, an individual and as** | ) | Consolidated with: |
| **principal/employer, and CHARLIE DAVIS** | ) | Case No. 09-CV-0708-CVE-FHM |
| **STRONG, JR., an individual and** | ) | (consolidated with 11-CV-0271-CVE-FHM) |
| **agent/employee, WP OIL AND GAS, LLP,** | ) | and |
| **as principal/employer, and PETRON** | ) | Case No. 10-CV-0502-CVE-FHM |
| **ENERGY, INC., as principal/employer,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>**OPINION AND ORDER**</u>

Now before the Court are the following motions: Plaintiff Blagg's Motion to Consolidate Cases for Trial (Dkt. # 124); Anna Marie Hobbs Motion to Consolidate Cases for Trial and Brief in Support (Dkt. # 134); Plaintiff Harold Tedford's Motion to Consolidate Cases for Trial (Dkt. # 139); Defendant Line's Motion to Bifurcate Liability and Damages Portions of Trial and Brief in Support (Dkt. # 146); and Defendants WP Oil and Gas LLC and Petron Energy Inc.'s joinder in the motion to bifurcate (Dkt. # 149). Plaintiffs asks the Court to consolidate their cases for trial and set their cases for a single trial on all issues. Defendants Jerry Line, WP Oil and Gas, LLP (WP), and Petron Energy, Inc. (Petron) do not oppose plaintiffs' request for consolidation if the issues of

liability and damages are bifurcated and each plaintiff presents his or her case for damages separately.

On May 9, 2009, Charlie Davis Strong, Jr. was allegedly driving while intoxicated and he may have caused a multi-vehicle traffic accident.[1] Dkt. # 122, at 2-3. The parties dispute whether Strong was serving in his capacity as an agent or employee of Jerry Line or any entity owned or controlled by Line at the time of the accident. The accident caused serious injuries to the persons in the vehicles involved in the accident and several people were killed, but Strong was not injured and he fled the scene of the accident. Id. at 3. Brent Blagg filed this case on behalf of his deceased wife, Amy Blagg, and his minor children, alleging that Strong was acting within the scope of his employment for Jerry Line and that Strong's negligence caused the accident. Two other cases were filed by other persons involved in the accident and, at the request of defendants, the cases were consolidated for discovery. See Anna Marie Hobbs v. Jerry Line et al., 09-CV-708-TCK-FHM (N.D. Okla.); Harold Tedford v. Jerry Line et al., 10-CV-502-GKF-FHM (N.D. Okla.).

The Court held a post-discovery scheduling conference and counsel for each plaintiff agreed to consolidation of the cases for trial. Dkt. # 154, at 29. Counsel for Line stated that Line would likely oppose consolidation of the cases for trial and the Court set a briefing schedule on this issue. Id. at 29-30. Plaintiffs have filed motions in support of their request to consolidate the cases for trial. Dkt. ## 124, 134, 139. Line agrees to consolidation of the cases for trial as to liability only and he opposes consolidation of the cases for a trial on damages. Dkt. # 146. Line argues that he will be unfairly prejudiced if plaintiffs jointly try the issue of damages, and that it is necessary to

---

[1] Line disputes that Strong's driving caused the traffic accident, and the Court makes no finding on this issue in this Opinion and Order.

bifurcate liability and damages and to require each plaintiff to try his or her claim for damages separately to avoid jury confusion. Defendants WP and Petron have adopted Line's motion. Dkt. ## 147, 149.

A district court has the discretion to consolidate separate actions for trial if the cases involve a common issue of law or fact. Fed. R. Civ. P. 42(a); American Emp. Ins. Co. v. King Resources Co., 545 F.2d 1265, 1269 (10th Cir. 1976); Skirvin v. Mesta, 141 F.2d 668, 672 (10th Cir. 1944). The objective of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Breaux v. American Family Mut. Ins. Co., 220 F.R.D. 366, 367 (D. Colo. 2004). Courts generally consider "the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense" caused by consolidation. C.T. v. Liberal School Dist., 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008). Consolidation of cases under Rule 42 does not strip any case of its independent character, and each case retains its separate identity. Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933); Patton v. Aerojet Ordnance Co., 765 F.2d 604, 606 (6th Cir. 1985). The party requesting consolidation bears the burden to show that judicial economy is not outweighed by the possibility of delay or prejudice to the opposing party. Bank of Montreal v. Eagle Associates, 117 F.R.D. 530, 532 (S.D.N.Y. 1987).

These cases clearly present common questions of fact and the parties are in agreement that the cases should be consolidated for trial as to liability. It would be a waste of judicial resources to try these cases separately before different judges when each plaintiff will rely on the same facts to establish defendants' liability. There are slight variations between the claims asserted by each plaintiff, but this does not reduce the benefit to the Court and the parties that would result from

consolidation for trial. If the cases were set for separate trials, each plaintiff would likely call the same witnesses in his or her case-in-chief, and this would impose an unnecessary burden on the witnesses. This would also create a risk of inconsistent verdicts as to defendants' liability. The Court finds that these cases should be consolidated for trial.

However, defendants argue that each case should be tried separately on the issue of damages. Under Fed. R. Civ. P. 42(b), courts may order separate trials for one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite and economize." The decision to order a separate trial lies within the discretion of the trial court. Ammesaki v. Interlake S.S. Co., 342 F.2d 627, 631 (7th Cir. 1965); Fed. Deposit Ins. Corp. v. First Nat'l Bank & Trust Co. of Oklahoma City, 496 F. Supp. 291 (W.D. Okla. 1978). The Tenth Circuit has held that courts should not bifurcate trials, however, unless the issues to be bifurcated are "clearly separable." Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 964 (10th Cir. 1993). If separate trials of a case would create a risk of inconsistent judgments, a motion for a separate trial should be denied. McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298, 305 (5th Cir. 1993).

Defendants claim that a joint trial on damages will result in jury confusion and unfairly prejudice them. Dkt. # 145, at 5. Defendants suggest that plaintiffs are "seeking to benefit from the unfair prejudice resulting from the confusion and combined sympathy invoked for all" to increase the amount of damages awarded at trial. Dkt. # 165, at 4. The only plaintiff to respond to defendants' motion was Hobbs, and Hobbs argues that defendants' proposal would substantially reduce the benefits of a joint trial. Dkt. # 162, at 3. Hobbs also asserts that jury instructions on the separability of each plaintiff's claims will ensure that the jury does not punish defendants when awarding compensatory damages to each plaintiff. Id. at 8.

In Angelo, the Tenth Circuit used three factors to determine if bifurcation was appropriate, and the Court will apply these factors when reviewing defendants' motions. The first factor is whether bifurcation will promote judicial economy and preserve the parties' resources. Angelo, 11 F.3d at 964. Defendants argue that judicial economy favors bifurcation of liability and damages, because a trial on damages will not be necessary if the jury rules in their favor on liability. Id. at 5-6. Defendants also assert that each plaintiff will call his or her own witnesses to prove damages, and witnesses will not have to testify multiple times if each plaintiff's claim for damages is set for a separate trial. The Court does not find that defendants' speculation that they will prevail on the issue of liability supports bifurcation, because the evidence concerning defendants' potential liability is not as one-sided as defendants suggest. Even if the Court assumes that no common witnesses testify in each plaintiff's trial on damages, the Court does not find that defendants' proposal for three separate trials on damages will promote judicial economy. Quite to the contrary, it will result in a delay of these proceedings. The second factor is the separability of issues, and plaintiffs do not dispute that the issues of liability and damages are separable. See Angelo, 11 F.3d at 964-65. The third factor is the fairness of birfurcating the trial. Id. at 965. Defendants argue that there are differences in each plaintiff's claims and the evidence in support of each plaintiff's claim for damages, and this will cause jury confusion. They claim that a jury hearing the evidence in a joint trial will be unable to separate the evidence as to each plaintiff's claim, and this will "result in extreme prejudice to Defendants from the piling-on of damages testimony that would not have existed otherwise in these separately filed cases." Dkt. # 145, at 8. The Court disagrees with defendants' assessment and finds that jury instructions will be sufficient to eliminate the risk of jury confusion. Even under defendant's proposed trial plan, the jury will hear of all injuries and deaths

caused by the traffic accident and the risk of prejudice will not be greatly reduced by trying each plaintiff's claim for damages separately. The Court will instruct the jury to consider the evidence as to each plaintiff's claims separately, and it can be presumed that the jury will follow a limiting instruction. ClearOne Communications, Inc. v. Biamp Systems, 653 F.3d 1163, 1180 (10th Cir. 2011); North American Specialty Ins. Co. v. Britt Paulk Ins. Agency, Inc., 579 F.3d 1106, 1114 (10th Cir. 2009).

The Court finds that the cases should be consolidated for trial, but defendants' request for bifurcation and/or separate trials as to damages should be denied. Plaintiffs have shown that their cases involve common issues of fact that should be heard by a single jury and that judicial economy strongly favors consolidation of their cases for trial. However, defendants' proposal to bifurcate the trial on the issues of liability of damages and to require each plaintiff to try their claims separately would result in an unnecessary waste of the parties' and the Court's resources. Defendants overstate the risk of prejudice from a joint trial on damages and any risk of unfair prejudice can be eliminated through proper limiting instructions to the jury. The parties are advised the Court will follow its standard procedure for cases involving the possibility of punitive damages, and the trial will be divided into two phases. In the first phase, the jury will consider defendants' liability, plaintiffs' compensatory damages, and whether defendants acted with requisite level of reckless disregard or malice to be held liable for punitive damages. The jury will consider evidence concerning the amount of punitive damages in a second phase of trial only if the jury finds by clear and convincing evidence that defendants can be held liable for punitive damages under OKLA. STAT. tit. 23, § 9.1.

**IT IS THEREFORE ORDERED** that Plaintiff Blagg's Motion to Consolidate Cases for Trial (Dkt. # 124), Anna Marie Hobbs Motion to Consolidate Cases for Trial and Brief in Support (Dkt. # 134), Plaintiff Harold Tedford's Motion to Consolidate Cases for Trial (Dkt. # 139) are **granted**. Defendant Line's Motion to Bifurcate Liability and Damages Portions of Trial and Brief in Support (Dkt. # 146) and WP's and Petron's joinder in Line's motion to bifurcate (Dkt. # 149) are **denied**.

**IT IS FURTHER ORDERED** that:

1. The case numbers for these cases shall be 09-CV-703-CVE-FHM, 09-CV-708-CVE-FHM, and 10-CV-502-CVE-FHM

2. Case Nos. 09-CV-703-CVE-FHM, 09-CV-708-CVE-FHM, and 10-CV-502-CVE-FHM, are **consolidated** in their entirety.

3. Case No. 09-CV-703-CVE-FHM is designated as the **base file**.

4. All further pleadings, motions and other documents **shall bear** only the title and designation of Case No. 09-CV-703-CVE-FHM with the words "(Base File)" written below the case number, and all pleadings shall be **filed in the base file only**.

5. This Order shall be filed in Case Nos. 09-CV-703-CVE-FHM, 09-CV-708-CVE-FHM, and 10-CV-502-CVE-FHM.

**IT IS FURTHER ORDERED** that an amended scheduling order will be entered setting these consolidated cases for jury trial on the April 2012 jury trial docket.

**DATED** this 11th day of January, 2012.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT